UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACQUELINE C. CHARLESWORTH
1520 York Ave. # 9A
New York, New York  10028,

    Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave., NW
Washington, DC  20530-0001,

    Defendant.

Civil Action No._____

**COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA") as amended, 5 U.S.C. § 552, as well as agency FOIA regulations, challenging the failure of the United States Department of Justice ("Justice") to fulfill the request of Jacqueline C. Charlesworth for documents concerning herself, the U.S. Copyright Office, and the litigation captioned *Songwriters of North America v. Department of Justice*, No. 16-cv-01830 (D.D.C. filed Sept. 13, 2016).

2. Plaintiff seeks declaratory relief that defendant is in violation of the FOIA for failing to fulfill plaintiff's request for records, and injunctive relief that defendant immediately and fully comply with plaintiff's request under the FOIA. Plaintiff also seeks attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4).


## JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FOIA. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 703, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Plaintiff Jacqueline Charlesworth is a citizen of New York, and currently practices law in New York. Previously, from July 2013 to July 2016, Ms. Charlesworth served as General Counsel of the U.S. Copyright Office. After departing from the Copyright Office in July 2016, Ms. Charlesworth was one of several attorneys representing a group of songwriter plaintiffs in *Songwriters of North America v. United States Department of Justice*, No. 16-cv-01830 (TSC) (D.D.C.) (the "SONA Litigation"), an action filed on September 13, 2016 against the Antitrust Division of the Department of Justice ("Antitrust"). Ms. Charlesworth is no longer representing the plaintiffs in that case.

5. Defendant Justice is an agency within the meaning of 5 U.S.C. § 552(f). Antitrust is a component of Justice. Defendant Justice, through its component, Antitrust, is the federal agency with possession and control of the records responsive to plaintiff's request and is responsible for fulfilling the FOIA request of Ms. Charlesworth.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

6. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply. Among other requirements, the agency is to make reasonable efforts to search for responsive records that are maintained in an electronic format. 5 U.S.C. § 552(a)(3).

7. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). In such a case, the Court may also assess reasonable attorneys' fees and other litigation costs against the United States. 5 U.S.C. § 552(a)(4).

### FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

8. By email dated January 17, 2017, Ms. Charlesworth sent a FOIA request to Antitrust seeking copies of all records from January 1, 2014 to present concerning:

(1) Jacqueline Charlesworth
(2) The U.S. Copyright Office
(3) Ms. Charlesworth's role and/or work at the U.S. Copyright Office;
(4) Ms. Charlesworth's role and/or participation in the SONA Litigation; matter captioned *Songwriters of North America v. United States Department of Justice*, No. 16-cv-01830 (TSC) (D.D.C. filed September 13, 2016); and
(5) Telephone calls, meetings, and/or other communications in or at which Ms. Charlesworth was a subject of discussion.

9. By letter dated February 2, 2017, Antitrust acknowledged plaintiff's request, to which it had assigned number PAFY17-005, and informed plaintiff that a search of the Antitrust Division's "record indices" could find no information responsive to her request. Antitrust did not offer any other basis for its failure to produce the requested documents.

10. By letter dated March 11, 2017, Ms. Charlesworth administratively appealed the Antitrust determination. In addition to questioning whether Antitrust had searched for emails and other relevant electronic documents, Ms. Charlesworth specifically advised in her appeal that she was personally aware of documents responsive to her request. She specifically stated that the complaint and other documents in the SONA Litigation challenged actions of Antitrust and personally named Renata Hesse, the former head of Antitrust. Ms. Charlesworth also stated that there was a document authored by Antitrust entitled "Statement of the Department of Justice on the Closing of the Antitrust Division's Review of the ASCAP and BMI Consent Decrees," dated August 4, 2016, that refers to the U.S. Copyright Office. Ms. Charlesworth also noted that there should be calendar entries referencing meetings between Antitrust and Copyright Office personnel during the relevant period, as well as email communications that reference her and/or the Copyright Office. Ms. Charlesworth further indicated that these examples were not intended to be exhaustive with respect to responsive documents.

11. By letter dated March 13, 2017, the Office of Information Policy of the Department of Justice ("OIP") acknowledged plaintiff's administrative appeal and assigned it no. DOJ-AP-2017-002896.

12. By letter dated June 1, 2017, OIP "affirm[ed]" Antitrust's action on the request, summarily upholding Antitrust's determination that its search was reasonable and that Antitrust was unable to locate responsive records. OIP did not address plaintiff's concern that there had been no adequate search of electronic documents, or that responsive documents of which she was personally aware had not been produced.

13. Significantly, plaintiff submitted a similar FOIA request to the Civil Department of the Department of Justice ("Civil").  Civil assigned this request no. 145-FOI-15080 and located and released 92 pages of responsive records, including emails, to plaintiff on February 17, 2017.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Conduct an Adequate Search)

14. Plaintiff realleges and incorporates by reference all preceding paragraphs.

15. Plaintiff submitted a request that reasonably described the records sought and was made in accordance with Justice's published rules.

16. In response, defendant has failed to conduct a search reasonably calculated to uncover all responsive agency records.

17. Therefore, defendant has violated the FOIA's mandate to search for responsive records.  5 U.S.C. §552(a)(3)(D).

18. Plaintiff is entitled to injunctive and declaratory relief with respect to the search for the requested records.

### CLAIM TWO
### (Failure to Produce Records Under the FOIA)

19. Plaintiff realleges and incorporates by reference all preceding paragraphs.

20. Plaintiff properly asked for records within defendant's control.

21. Plaintiff is entitled by law to access to the records requested under the FOIA, unless defendant make an explicit and justified statutory exemption claim.

22. Defendant has not produced all the records responsive to plaintiff's FOIA requests.

23. Therefore, defendant has violated the FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare that defendant has violated the FOIA by failing to conduct an adequate search for records responsive to plaintiff's FOIA request;

(2) Order the defendant to immediately conduct and document an adequate search for responsive records as dictated by plaintiff's request;

(3) Declare that the defendant has violated the FOIA by failing to lawfully satisfy plaintiff's FOIA request;

(4) Order the defendant to release all records responsive to plaintiff's FOIA request;

(5) Award plaintiff her reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002
Washington, D.C. 20015
Phone (301) 404-0502
Fax (413) 641-2833

Attorney for Plaintiff